IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Branden T. Clark, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No: 3:10-cv-110 |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Leann K. Bertsch, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

Petitioner Branden T. Clark ("Clark") filed a petition for habeas relief pursuant to 28 U.S.C. § 2254. (Doc. #3). When a prisoner seeks redress from a governmental entity the court must conduct an initial review of the petition prior to service upon the respondent. 28 U.S.C. § 1915A(a).

In 2005 Clark was convicted of four criminal charges, theft by deception, issuing a check without sufficient funds or without an account, theft of property, and theft of services. See State v. Clark, Case Nos. 18-4-K-951, 18-4-K-1418, 18-4-K-2454, 18-5-K-2075. While on supervised probation for the 2005 convictions, Clark was charged with new counts of theft of property and issuing a check without an account. See State v. Clark, Case Nos. 18-9-K-541, 18-7-K-2537. On July 17, 2009, the state court revoked Clark's probation and resentenced him to five years of incarceration for each of the 2005 convictions. The state court also sentenced him to four years of incarceration for the new theft of property charge, to run consecutive to the revocation of probation sentences, and thirty days of incarceration for the new issuing a check without an account charge, to run concurrently. Clark appealed the two new criminal judgments and the order revoking his probation to the North Dakota Supreme Court. State v. Clark, 2010 ND 106, 783 N.W.2d 274. His sole argument was that he was denied his constitutional right to due

process because he did not enter a guilty plea to the two new criminal charges.  Id.  The North

Dakota Supreme Court affirmed the order revoking Clark's probation and the criminal

judgments.  Id.  Its mandate was issued on July 7, 2010.  See

http://www.ndcourts.gov/court/docket/20090233.htm.  Clark raises the same argument in his

habeas petition.

Habeas corpus relief is only available to a prisoner if he is in custody.  28 U.S.C. §

2241(c).  A habeas petition filed after a prisoner's sentence has expired fails to satisfy the

custody requirement.  Cotton v. Marbary, 674 F.2d 701, 703-04 (8th Cir. 1982).  Clark's thirty

day concurrent sentence for his conviction for issuing a check without an account has expired.

Clark is no longer in custody for the conviction and can no longer challenge its validity through

habeas proceedings.  Accordingly, it is **RECOMMENDED** that Clark's petition for habeas

relief **BE DISMISSED** with prejudice as to his claim that he did not enter a guilty plea to the

charge of issuing a check without an account.

Clark's habeas petition provides little factual context.  Clark states he did not enter a plea

to the theft of property charge and the state district court proceeded to sentence him as though he

had pled guilty.  The North Dakota Supreme Court opinion and the state district court dockets

provide some factual context surrounding Clark's allegation.  However, because Clark has

alleged a cognizable claim and because the transcripts of Clark's proceedings before the state

district court are not before this court, the court finds it necessary to order service upon the

respondent.  The response will aid the court's independent evaluation of whether Clark

voluntarily, intelligently, and knowingly entered a guilty plea.  See Brady v. United States, 397

U.S. 742, 748 (1970).

A federal court cannot grant habeas relief on any claim adjudicated on the merits in state

court proceedings, unless adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A state court decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  A state court decision is an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  Section 2254(d) imposes a "highly deferential standard for evaluating state-court rulings," Lindh v. Murphy, 521 U.S. 320, 333, n. 7 (1997), "which demands that state-court decisions be given the benefit of the doubt," Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam).  Even though the deferential standard of review applies, this court cannot determine whether the state court proceedings met the standard without reviewing the transcripts of the proceedings in the state district court.  The respondent is directed to submit the state district court transcripts along with its response.

**IT IS ORDERED** that the petition and this order be served upon the above-named respondent.  Upon service, respondent shall have sixty (60) days after the district judge's order on the above report and recommendation to file a response.  The court cautions Clark that this order does not address the merits of his habeas petition as to his claim that he did not enter a guilty plea to the charge of theft of property, but merely allows it to proceed with service upon

the respondent, who will then have an opportunity to respond to the petition.

Dated this 21st day of January, 2011.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge

### NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and Order by filing with the Clerk of Court no later than February 7, 2011, a pleading specifically identifying those portions of the Report and Recommendation and Order to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.