IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Branden T. Clark,                         )
                                          )
                    Petitioner,           )
                                          )        Case No: 3:10-cv-110
          vs.                             )
                                          )        **REPORT AND**
Leann K. Bertsch,                         )        **RECOMMENDATION**
                                          )
                    Respondent.           )


Petitioner Branden T. Clark ("Clark") filed a petition for habeas relief and a supplement to the petition under 28 U.S.C. § 2254.  (Docs. #3, #12).  Upon initial review of the petition the court ordered service upon the respondent.  (Doc. #5).  The respondent submitted the state court records and filed a response and a motion to dismiss the petition.  (Docs. #7, #8, #10).  Clark filed his response to the motion to dismiss and the respondent filed her reply.  (Docs. #11, #13).

### Summary of Recommendation

Clark contends he was denied his constitutional right to due process because he did not enter guilty pleas to criminal charges and the state court sentenced him as though he had.  The North Dakota Supreme Court found Clark voluntarily, knowingly, and intelligently entered guilty pleas.  After considering the record that was before the North Dakota Supreme Court and the highly deferential standard toward state court decisions, it is **RECOMMENDED** that the respondent's motion to dismiss be **GRANTED** and Clark's petition for habeas relief be **DISMISSED** with prejudice.

### Background

In 2005 Clark was convicted of four criminal charges: theft by deception, issuing a check without sufficient funds or without an account, theft of property, and theft of services.  See State

v. Clark, Case Nos. 18-4-K-951, 18-4-K-1418, 18-4-K-2454, 18-5-K-2075.  While on supervised

probation for the 2005 convictions, Clark was charged with new counts of theft of property and

issuing a check without an account.  See State v. Clark, Case Nos. 18-9-K-541, 18-7-K-2537.  In

July of 2009, the state court revoked Clark's probation and resentenced him to five years of

incarceration for each of the 2005 convictions.  The state court also sentenced Clark to four years

of incarceration for the new theft of property charge, to run consecutive to the revocation of

probation sentences, and thirty days of incarceration for the new issuing a check without an

account charge, to run concurrently with the sentence for the new theft of property charge.[1]

Clark appealed the two new criminal judgments and the order revoking his probation to the

North Dakota Supreme Court.  State v. Clark, 2010 ND 106, 783 N.W.2d 274.  His sole

argument was that he was denied his constitutional right to due process because he did not enter

a guilty plea to the two new criminal charges.  Id.  The North Dakota Supreme Court affirmed

the order revoking Clark's probation and the criminal judgments.  Id.  Its mandate was issued on

July 7, 2010.  See http://www.ndcourts.gov/court/docket/20090233.htm.  Clark raises the same

---

[1]  Upon initial review of Clark's petition the court dismissed Clark's claim that he did not enter a guilty plea to the charge of issuing a check without an account.  (Doc. #6).  Based on the language in the North Dakota Supreme Court's opinion affirming the order revoking Clark's probation and the criminal judgments convicting him of the new offenses, this court assumed that Clark's thirty day sentence for his conviction for issuing a check without an account was to run concurrent with his revocation of probation sentences and had expired.  See State v. Clark, 2010 ND 106, ¶ 4, 783 N.W.2d 274, 275 ("The district court sentenced Clark to four years' incarceration in the felony theft case, to run consecutively to the revocation of probation sentences, and thirty days' incarceration in the misdemeanor case of issuing a check without an account, to run concurrently.").  Clark did not object to the recommendation that the claim be dismissed.  When the respondent submitted the state court records it became apparent that the sentence for issuing a check without an account is to run consecutively to the revocation of probation sentences and Clark has yet to serve the sentence.  Therefore, this recommendation addresses both convictions.

argument in his habeas petition.  Clark states he did not enter a plea to the new criminal charges and the state district court proceeded to sentence him as though he had pled guilty.

On March 30, 2009, Clark appeared before the state district court for a bail hearing and for initial appearances on the new charges and on the petitions for revocation of his probation.  See State v. Clark, 2010 ND 106, ¶ 10, 783 N.W.2d 274, 276; State v. Clark, Case Nos. 18-4-K-951, 18-4-K-1418, 18-4-K-2454, 18-5-K-2075, 18-7-K-2537, 18-9-K-541.  During the hearing Clark stated, "I would like to go ahead and plead guilty on Information only."  Resp. Ex. 9, p. 3.  Clark also stated he would like to put the matter behind him and "get [it] over with."  Id. at pp. 9, 12.  The state district court judge advised Clark of the nature of the charges, the maximum penalties, and the mandatory fees.  Id. at pp. 3-4.  Clark stated he understood his rights, the charges, and the maximum penalties.  Id. at p. 4.  The state district court judge also informed Clark of his right to a preliminary hearing and suggested he consult with an attorney.  Id. at pp. 5, 9-10.  Clark waived his right to counsel and his right to a preliminary hearing and requested to have the cases scheduled for sentencing.  Id. at pp. 5, 10-11.

On April 21, 2009, Clark appeared before the state district court before a different judge for a hearing on the petitions for revocation of his probation and for arraignment and sentencing on the new charges.  See State v. Clark, 2010 ND 106, ¶ 10, 783 N.W.2d 274, 276; State v. Clark, Case Nos. 18-4-K-951, 18-4-K-1418, 18-4-K-2454, 18-5-K-2075, 18-7-K-2537, 18-9-K-541.  Clark again waived his right to an attorney, stated he wanted to plead guilty, and requested sentencing.  Resp. Ex. 10, p. 3.  Clark also stated that he "[didn't] know what defense [he] would have against the truth."  Id.  Upon the State's request for a pre-sentence investigation report prior to sentencing and after hearing additional background facts, the state district court judge

said he would not accept Clark's guilty plea without Clark consulting with an attorney. Id. at pp. 5-6, 7. The judge appointed counsel for Clark and continued the hearing. Id. at p. 6.

The hearing was continued a second time in June of 2009 after the court-appointed counsel notified the court that a different attorney had agreed to represent Clark. Resp. Ex. 13. The court had appointed an attorney from the public defender office to represent Clark, but Clark sent a letter to a different attorney requesting representation. Resp. Ex. 11. In the letter Clark stated he entered an open guilty plea and needed representation for sentencing and a revocation hearing. Id.

On July 17, 2009, Clark appeared before the state district court for a hearing on the petitions for revocation of his probation and for sentencing on the new charges. State v. Clark, Case Nos. 18-4-K-951, 18-4-K-1418, 18-4-K-2454, 18-5-K-2075, 18-7-K-2537, 18-9-K-541. Clark admitted the allegations in each of the petitions for revocation of his probation, and the state district court revoked Clark's probation and sentenced him on the new charges. Resp. Ex. 14. The allegations in the petitions for revocation included that Clark committed the two new criminal offenses. See Resp. Ex. 9, p. 7.[2] The court asked Clark's attorney if there was anything else that needed to be addressed and his attorney replied, "No." Id. at p. 13. Clark signed criminal judgments stating he appeared before the court on the new charges and entered a plea of guilty. Resp. Exs. 16, 17.

---

[2] The judge who presided over the March 30, 2009 bail hearing and Clark's initial appearance on the new charges and on the petitions for revocation of his probation explained each allegation in the petitions to Clark, including the allegations that he committed the new criminal charges. See Resp. Ex. 9. The judge who presided over the July 17, 2009 hearing on the petitions for revocation of Clark's probation and for the sentencing hearing on the new criminal charges did not explain the allegations in each of the petitions, but rather left it to Clark to review each one and then admit or deny the allegations. See Resp. Ex. 14.

**New Evidence**

Clark filed a supplement to the habeas petition when he filed his response to the respondent's motion to dismiss.  (Doc. #12).  The supplement consists of a letter Clark wrote to his attorney on August 4, 2009 requesting e-mail exchanges between his attorney and the assistant state's attorney and a printout of those e-mail communications.  Id. at pp. 2-6.  It appears the information was sent directly to Clark on October 12, 2010 by the assistant state's attorney, who responded to a request for the e-mail communications from Clark dated October 4, 2010.  Id. at p. 1.

The printout reveals that after receiving discovery in the case from the public defender, Clark's attorney sent an e-mail to the assistant state's attorney inquiring about a possible plea deal.  Id. at p. 4.  The assistant state's attorney responded that it was her recollection that Clark had pled guilty to the new charge of theft of property, but she recommended that Clark's attorney check the state court's file.  Id. at p. 6.  After speaking with Clark his attorney again e-mailed the assistant state's attorney and stated that Clark "claims he did not know he was pleading guilty to anything when the [public defender] was handling his case."  Id. at p. 5.  Clark's attorney also indicated that he did not believe Clark.  Id.  Several days later the state's attorney responded that the state court's file appeared to reflect that the state court did not take a plea on the new criminal charges.  Id.  She also indicated that she believed the court's intent was to complete everything at the July 17, 2009 hearing.  Id.

Respondent objects to the new evidence contained in Clark's supplement to the habeas petition because Clark failed to present the evidence in the state court.  (Doc. #13).  The court find the additional evidence does not qualify for consideration by this court under 28 U.S.C. § 2254(e)(2).

5

Under 28 U.S.C. § 2254(e)(2), "[a] habeas petitioner must develop the factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts." Cox v. Burger, 398 F.3d 1025, 1030 (8th Cir.2005) (citing 28 U.S.C. § 2254(e)(2)). "Additionally, the petitioner must show by clear and convincing evidence that, in the absence of the constitutional error, no reasonable factfinder would have found him guilty." Id. "Those same restrictions apply *a fortiori* when a prisoner seeks relief based on new evidence *without* an evidentiary hearing." McGehee v. Norris, 588 F.3d 1185, 1194 (8th Cir. 2009) (citing Holland v. Jackson, 542 U.S. 649, 653 (2004)).

Clark has not contended that the new evidence satisfies the diligence requirements or any exception to § 2254(e)(2). There seems to be no impediment which would have prevented Clark from introducing the evidence before the state courts. Accordingly, the court will focus its analysis on the evidence that was available to the North Dakota Supreme Court.

### Merits of the Claim

A federal court cannot grant habeas relief on any claim adjudicated on the merits in state court proceedings, unless adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially

6

indistinguishable facts."  <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000).  A state court

decision is an "unreasonable application" of federal law "if the state court identifies the correct

governing legal principle from [the Supreme] Court's decisions but unreasonably applies that

principle to the facts of the prisoner's case." <u>Id.</u> at 413.  Section 2254(d) imposes a "highly

deferential standard for evaluating state-court rulings," <u>Lindh v. Murphy</u>, 521 U.S. 320, 333, n. 7

(1997), "which demands that state-court decisions be given the benefit of the doubt," <u>Woodford

v. Visciotti</u>, 537 U.S. 19, 24 (2002) (per curiam).

On direct appeal the North Dakota Supreme Court found that Clark entered guilty pleas

to the new criminal charges by stating his intention to plead guilty and by signing the criminal

judgments. <u>State v. Clark</u>, 2010 ND 106, ¶ 12, 783 N.W.2d 274, 277.  The North Dakota

Supreme Court also found that the state district court complied with the requirements under Rule

11 of the North Dakota Rules of Criminal Procedure.  <u>State v. Clark</u>, 2010 ND 106, 783 N.W.2d

274.  Clark does not claim in his habeas petition that the state district court did not comply with

Rule 11 of the North Dakota Rules of Criminal Procedure, and even if he had, this court can not

consider that claim because it only implicates an error of state law.[3]  "[E]rrors of state law are

not cognizable in federal habeas courts." <u>Nance v. Norris</u>, 392 F.3d 284, 289 (8th Cir. 2004).

---

[3] On appeal before the North Dakota Supreme Court Clark noted that Rule 11 is not the
issue in the case, and even if it was, there was never any factual basis provided for the alleged
"plea." Resp. Ex. 18B, p. 2.  It is apparent that Clark was not challenging the court's compliance
with Rule 11; rather he was simply arguing that he did not enter a plea to the new criminal
charges.  The court notes that even if Clark claims his due process rights were violated because
the state judge did not determine the factual basis for his plea, he would not prevail in this court.
"[T]he procedure embodied in Rule 11 has not been held to be constitutionally mandated . . . ."
<u>McCarthy v. U.S.</u>, 394 U.S. 459, 465 (1969).  If a plea is otherwise intelligent and voluntary, a
state court is not required by the Constitution to establish a factual basis.  <u>North Carolina v.
Alford</u>, 400 U.S. 25, 37-38 (1970).

7

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Rather, this court must only consider whether the state court's findings that Clark entered pleas and was afforded his constitutional right to due process were contrary to federal law or were an unreasonable application of federal law.

Clark appeared before the state district court and stated his intention to plead guilty to the new criminal charges, he stated his desire to put the matters behind him and proceed to sentencing, and he agreed that the allegations were accurate. Resp. Ex 9, pp. 3, 9, 10; Resp. Ex. 10, p. 3. Clark's argument rests solely on the fact that at his second hearing the state district judge, who had not presided over Clark's initial hearing, stated he would not accept Clark's guilty plea without Clark consulting with an attorney. After Clark consulted with an attorney he signed criminal judgments stating he appeared before the court and entered a plea of guilty. Clark implies he should have been personally addressed in open court a second time and asked whether he still intended to plead guilty. However, given the highly deferential standard toward state court decisions and the fact that Clark twice orally stated his intention to plead guilty prior to consulting with an attorney, and again in writing after consulting with an attorney, the court finds Clark entered a plea of guilty to the new criminal charges.

In order for a guilty plea to be valid a defendant must knowingly, voluntarily, and intelligently waive his constitutional rights "with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). Clark was advised by the state district court judge of the nature of the charges, the rights waived by entering a guilty plea, the maximum penalty, and the mandatory fees. Clark does not allege

8

he did not understand the nature of the charges against him, his rights, or the possible penalty. Clark stated his intention to plead guilty to the court several times. Clark was advised by counsel prior to signing the criminal judgments and does not allege he was induced to sign the judgment by threats, improper promises, or misrepresentations. The state court's finding that Clark voluntarily, knowingly, and intelligently pled guilty to the charges is not contrary to clearly established federal law. Similarly, the state court's decision is not an unreasonable application of federal law. Accordingly, it is **RECOMMENDED** that respondent's motion to dismiss (Doc. #8) be **GRANTED** and Branden T. Clark's petition for habeas relief (Doc. #3) be **DISMISSED** with prejudice.

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and by filing with the Clerk of Court no later than July 7, 2011, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

Dated this 20th day of June, 2011.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge

9