IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Branden T. Clark, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No: 3:10-cv-110 |
| vs. | ) | |
| | ) | **REPORT AND** |
| Leann K. Bertsch, | ) | **RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

Petitioner Branden T. Clark ("Clark") filed a petition for habeas relief and a supplement to the petition under 28 U.S.C. § 2254. (Docs. #3, #12). The court ordered service upon the respondent. (Doc. #5). The respondent submitted the state court records and filed a response and a motion to dismiss the petition. (Docs. #7, #8, #10). Clark filed his response to the motion to dismiss and the respondent filed her reply. (Docs. #11, #13). The magistrate judge recommended that the respondent's motion to dismiss be granted and Clark's petition for habeas relief be dismissed with prejudice. (Doc. #14). Clark filed a motion for an extension of time to file an objection to the report and recommendation. (Doc. #15). Clark's motion was granted and he was given until August 8, 2011 to file an objection. Clark has not yet filed an objection to the report and recommendation.

On July 15, 2011, Clark filed a motion for an evidentiary hearing. (Doc. #17). The respondent filed her response to the motion. (Doc. #18). Clark has not filed a reply and the time to do so has expired. Clark requests an evidentiary hearing to determine whether respondent's exhibit 11 violates the "Fed[eral] Rules of Evidence and other applicable law." Respondent's exhibit 11 is a letter Clark sent to an attorney requesting representation. Resp. Ex. 11. In the letter Clark stated he entered an open guilty plea and needed representation for sentencing and a

revocation hearing.  Id.  Clark contends the submission of the letter violates the attorney-client privilege.

The letter was part of the state trial court record.  Clark's attorney submitted the letter to the state trial court as an attachment to Clark's motion for a continuance after the attorney accepted representation.  See Resp. Ex. 11A, p. 2.  Clark never argued before the state courts that submission of the letter violated the attorney-client privilege.

Under 28 U.S.C. § 2254(e)(2), "[a] habeas petitioner must develop the factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts." Cox v. Burger, 398 F.3d 1025, 1030 (8th Cir.2005) (citing 28 U.S.C. § 2254(e)(2)).  "Additionally, the petitioner must show by clear and convincing evidence that, in the absence of the constitutional error, no reasonable factfinder would have found him guilty." Id.

Clark does not contend he satisfies the diligence requirement or any exception to § 2254(e)(2).  There seems to be no impediment which would have prevented Clark from raising his claim before the state courts.  Clark is not entitled to an evidentiary hearing.

It is **RECOMMENDED** that Clark's motion for an evidentiary hearing (Doc. #17) be **DENIED**.  The court will allow Clark until August 19, 2011 to object to this recommendation and will also extend the period of time to object to the previous recommendation that the respondent's motion to dismiss be granted and Clark's petition for habeas relief be dismissed with prejudice (Doc. #14) from August 8, 2011 to August 19, 2011.

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and/or the previous Report and Recommendation (Doc. #14) by filing with the Clerk of Court no later than August 19, 2011, a pleading specifically identifying those portions of the Reports and Recommendations to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

Dated this 5th day of August, 2011.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge