IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Branden T. Clark, | ) | |
| | ) | Case No. 3:10-cv-110 |
| Petitioner, | ) | |
| | ) | **ORDER REVERSING REPORT AND** |
| -vs- | ) | **RECOMMENDATION (DOC. #14),** |
| | ) | **ADOPTING REPORT AND** |
| Leann K. Bertsch, | ) | **RECOMMENDATION (DOC. #22),** |
| | ) | **AND DENYING ALL OTHER** |
| Respondent. | ) | **MOTIONS AS MOOT** |

## I.  INTRODUCTION

The Court has received a Report and Recommendation from the Honorable Karen K. Klein, United States Magistrate Judge, pursuant to 28 U.S.C. § 636, recommending that Respondent Leann K. Bertsch's motion to dismiss be granted and Petitioner Branden Clark's petition for habeas relief be dismissed with prejudice (Doc. #14).  After the Report was filed, Clark filed a motion for an evidentiary hearing (Doc. #17), which the Magistrate Judge has recommended be denied (Doc. #22).  Clark has also filed motions to appoint counsel (Docs. #23 & 25), objections to the Magistrate Judge's Reports and Recommendations (Docs. #26, 28, & 30), a motion for leave to conduct discovery (Doc. #32), and a motion for a hearing (Doc. #33). The Court, having carefully reviewed the record, the pending motions, and the Magistrate Judge's Reports and Recommendations, now issues this memorandum opinion and order.

## II.  SUMMARY OF DECISION

The Due Process Clause of the Fourteenth Amendment prohibits a state court from imprisoning a person who has not entered a guilty plea or been convicted following a trial.  A guilty plea that has been implied or inferred from the record does not pass constitutional muster.

1

Likewise, a defendant should not be estopped from asserting a constitutional violation because he signed a criminal judgment that said he entered a guilty plea when the record unambiguously established that no such plea was taken. Accordingly, Branden Clark's Petition for Writ of Habeas Corpus is **GRANTED** and his 2009 state court convictions for theft of property and issuing a check without an account are hereby **VACATED**.

### III. ISSUES

Although there are a number of tangential issues raised in this action, including whether there was an improper disclosure of attorney-client privileged material, whether this Court ought to consider that communication, and whether discovery ought to be allowed, the determinative issue to be resolved is simple. Clark contends the state court denied his constitutional right to due process when it sentenced him without a plea of guilty and without a trial. Resolution of this issue renders all other motions filed by Clark moot.

### IV. FACTUAL AND PROCEDURAL BACKGROUND

The facts are not in dispute. Clark was sentenced in 2005 for committing four offenses: theft by deception, issuing a check without sufficient funds, theft of property, and theft of services. State v. Clark, 783 N.W.2d 274, 275 (N.D. 2010). He was placed on supervised probation following incarceration. Id. While on probation, Clark was charged with two new offenses: felony theft of property and issuing a check without an account. Id. In addition to charging Clark with the new offenses, the State of North Dakota petitioned to revoke his probation in the four original cases. Id.

Clark appeared before the district court and admitted he violated the terms of his probation. Id. The district court revoked Clark's probation and resentenced him to concurrent

five-year terms of imprisonment on each offense. Id. At this same time, the district court sentenced Clark to a consecutive four years term of imprisonment on the new charge of felony theft and thirty days on the new charge of issuing a check without an account, which was ordered to run consecutive to the revocation sentences and concurrent to the sentence for theft.

The state court record reflects that Clark expressed, on more than one occasion, a desire to plead guilty to the new charges. Indeed, Clark signed criminal judgments on the charges, stating he had appeared before the district court and entered pleas of guilty. While the record unequivocally establishes that Clark intended to plead guilty, the district court never took a guilty plea from Clark. At one point, the district court told Clark that the case was becoming complicated and it would not accept a guilty plea from Clark without Clark first speaking with an attorney.

Before sentencing, the prosecutor was aware that the court did not take a plea on the pending charges (Doc. #12, p. 5 of 6).[1] It was her belief that the court's intent was to dispose of both the revocation petition and the new charges in a single hearing. Id. It is indisputable that the court never accepted a guilty plea from Clark on the new charges.

Clark appealed from the two criminal judgments convicting him of theft of property and

---

[1] Respondent objects to the admission of the email correspondence between the prosecutor and Clark's counsel because it was not presented in state court. The magistrate judge declined to allow Clark to expand the record. The "evidence" merely confirms what the record demonstrates: the court never accepted a plea of guilty as to the two new charges. New evidence that serves only to bolster a constitutional claim may be considered under limited circumstances if it does not present a new, unexhausted claim. See Mark v. Ault, 498 F.3d 775, 788 (8th Cir. 2007). The Court finds the evidence does not present a new claim, and its admission is of limited significance in that it simply indicates that the prosecutor was aware before the hearing that Clark had not entered guilty pleas.

issuing a check without an account.² The North Dakota Supreme Court recognized that the district court failed to comply with N.D. R. Crim. P. 11, but affirmed the convictions on the ground that the record, as a whole, clearly reflected Clark's knowledge that he was waiving his rights by pleading guilty and voluntarily and knowingly plead guilty. Clark has now filed the instant petition pursuant to 28 U.S.C. § 2254.

The magistrate judge has filed a Report and Recommendation, determining that the state court's decision is not an unreasonable application of federal law (Doc. #14). Accordingly, she recommends dismissal of Clark's petition. Id. In response, Clark has filed several objections and several motions. The Court has carefully considered all issues before it and now issues this memorandum opinion and order.

### V. DISCUSSION

Under 28 U.S.C. § 2254, "[a] federal court may not grant habeas relief unless the state court's decision was either contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence adduced in state court." Jackson v. Norris, - - F.3d - -, 2011 WL 3715533, at *2 (8th Cir. Aug. 25, 2011) (citing 28 U.S.C. § 2254(d)(1) - (2)). The two phrases "contrary to" and "unreasonable application of" have independent meanings. Id. A federal court may issue a writ of habeas corpus to a state prisoner under the "contrary to" clause if the state court arrived at a conclusion on a question of law contrary to the United States Supreme Court, or reached a decision contrary to Supreme Court precedent based on facts that

---

²He also appealed from the order revoking his probation and resentencing him to incarceration. That order, however, is not at issue in this action.

were materially indistinguishable. Id. (citing Williams v. Taylor, 529 U.S. 362, 405 (2000). A federal court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle, but unreasonably applied it to the facts of the particular case. Id. (citing Bell v. Cone, 535 U.S. 685, 964 (2002)).

As a threshold issue, the Court must determine whether the North Dakota Supreme Court adjudicated Clark's constitutional claim on the merits. When presented with a claim of constitutional error that was adjudicated on the merits in state court, collateral review of the state court conviction is a highly deferential one. Jackson, 2011 WL 3715533, at *2.

The North Dakota Supreme Court noted "Clark's sole argument on appeal is that he did not enter a guilty plea to the two criminal charges, and thus he was denied his constitutional right to due process." Clark 783 N.W.2d at 275. Clark contends in this action that "[t]he North Dakota Supreme Court wholly ignored Clark's federal constitutional claim." (Doc. #31, p. 1). "A state court need not cite to any specific federal cases, or indeed even be aware of them, when adjudicating a claimed violation of a constitutional right." Jeremiah v. Kemna, 370 F.3d 806, 809 (8th Cir. 2004).

On appeal, the North Dakota Supreme Court explained the requirements set forth in N.D. R. Crim. P. 11 and its purposes, as the rule provides a framework for determining whether a plea is knowingly and voluntarily entered. Clark, 783 N.W.2d at 275-76. It is also apparent from the decision that the North Dakota Supreme Court determined that upon consideration of the whole record, the district court's failure to formally accept a plea from Clark did not violate due process, as Clark was essentially estopped from making such a claim in light his statements to the court at various times that he intended to plead guilty and his acknowledgment of the rights he

5

was waiving.  Id. at 277 (citing State v. Storbakken, 246 N.W.2d 78, 84 (N.D. 1976) for the proposition that due process is satisfied when a defendant's knowledge of his rights and the decision to waive those rights is clearly reflected from the whole record).  Contrary to Clark's argument, the state court recited Clark's due process claim, considered it, and rejected it.

Turning to the merits of Clark's claim, the state court record indisputably establishes that Clark did not enter a plea orally in open court.  When looking at the particular facts surrounding Clark's case, the North Dakota Supreme Court found the lack of a formal plea did not rise to the level of a constitutional violation after reviewing the record as a whole.  The court concluded there was no constitutional violation because Clark was advised of the rights he would waive by pleading guilty, he was advised of the charges and the maximum penalties he faced, he expressed his intention to plead guilty in open court, and he signed a criminal judgment indicating he had plead guilty.

Embedded in the United States Constitution are several rights at issue.  First, the Sixth Amendment guarantees that in all criminal prosecutions, the defendant is entitled to a speedy and public trial by an impartial jury.  U.S. Const. Amend. VI.  Second, the Due Process Clause of the Fourteenth Amendment requires that a guilty plea be knowing, voluntary, and intelligent. Bousley v. United States, 523 U.S. 614, 618-19 (1998).  The fundamental question now before this Court is whether one can be sentenced for a crime to which no plea of guilty has been entered and no trial resulting in a conviction has been held.  The answer is no.

No principle of procedural due process is more clearly established than the right to notice of the specific charge, and the chance to be heard in a trial.  Cole v. State of Ark., 333 U.S. 196, 201 (1948).  These are constitutional rights guaranteed to every accused in a criminal proceeding

in all courts, federal or state.  Id.  Undoubtedly, the due process clause does not impose an automatic constitutional duty on state trial judges to ascertain a factual basis before accepting a plea of guilty or nolo contendere.  Wallace v. Turner, 695 F.2d 545, 548 (11th Cir. 1983).  An admission of guilt by the accused is "not a constitutional requisite to the imposition of a criminal penalty" so long as the court informs the defendant of the rights he is giving up by pleading guilty, determines the defendant understands the nature of the charges against him and the potential penalties, and ensures that the defendant enters his pleas voluntarily.  Cranford v. Lockhart, 975 F.2d 1347, 1349 (8th Cir. 1992) (quoting North Carolina v. Alford, 400 U.S. 25, 37 (1970)).

The constitutional validity of a guilty plea entered in state court is to be judged under the due process standard established in Boykin v. Alabama, 395 U.S. 238 (1969).  Due process requires a guilty plea, and by extension a plea of no contest, to be both knowing and voluntary because it constitutes the waiver of constitutional rights, including (1) the right to a jury trial: (2) the right to confront one's accusers; and (3) the privilege against self-incrimination.  See id.  "[A] guilty plea is a grave and solemn act to be accepted only with care and discernment."  Brady v. United States, 397 U.S. 742, 748 (1970).  It serves a more than an admission of past conduct; it is a defendant's consent that judgment of conviction may be entered without a trial.  Id.

The "record 'must affirmatively disclose'" that the defendant entered a guilty plea with full awareness of the constitutional rights he is giving up.  United States v. Diaz-Ramirez. 646 F.3d 653, 657 (9th Cir. 2011) (quoting Brady, 397 U.S. at 747 n.4).  Waiver will not be presumed from a silent record.  Id. (quoting Boykin, 395 U.S. at 243).  Here, the district court never accepted a guilty plea from Clark.  It is axiomatic that due process does not permit a person to be

sentenced for a crime in which he has not pled guilty or been given a trial.

The State or the courts may not cause a criminal defendant to forfeit his constitutional right to a jury trial based on an assumption and perception that the defendant intended to plead guilty. A court may not, in conformance with the United States Constitution, imply a guilty plea simply because the defendant, in the past, had expressed an intention to plead guilty. Nor may a defendant be estopped from raising a constitutional violation because of the mere fact that he signed a document indicating he entered a plea when the record is plain that no such plea was ever accepted. The concept of fairness and justice embodied in the Due Process Clause of the United States Constitution is incompatible with permitting a conviction resulting in the loss of liberty to stand despite the absence of a guilty plea or trial. The state court decision is contrary to established Supreme Court precedent and unreasonably applied clearly established federal law.

## VI. Conclusion and Oder

For the foregoing reasons, the Court finds that Clark cannot be lawfully adjudged guilty of the 2009 charges for theft of property or issuing a check without an account. Now, therefore,

**IT IS HEREBY ORDERED** as follows:

(1) Clark's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **GRANTED**.

(2) Clark's convictions for theft of property and issuing a check without an account are hereby **VACATED**. It is ordered that Clark be released from custody upon completion of his sentence for the revocation-of-probation cases unless he is retried by the State of North Dakota within 90 days of the date of this Order.

(3) The Report and Recommendation of Magistrate Judge Klein to dismiss the Petition for Writ of Habeas Corpus (Doc. #14) is **REVERSED**. Respondent's motion to dismiss Clark's petition (Doc. #8) is **DENIED**.

(4) The Report and Recommendation of Magistrate Judge Klein to deny Clark's motion for an evidentiary hearing (Doc. #22) is hereby **ADOPTED** in its entirety,

and Clark's motion for an evidentiary hearing (Doc. #17) is **DENIED**.

(5) Clark's remaining motions to appoint counsel (Docs. #23 & 25), to conduct discovery (Doc. #32), and for a hearing (Doc. #33) are **DENIED as moot**.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated this 12th day of September, 2011.

>    */s/   Ralph R. Erickson*
>    Ralph R. Erickson, Chief Judge
>    United States District Court